**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:24-cv-2170 |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | FOR VIOLATION OF CIVIL RIGHTS |
| Village of South Holland, and Detective | ) | |
| Coleman, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |
| | ) | |

**JURISDICTION AND VENUE**

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2.     Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3.     At all times herein mentioned, Plaintiff Christian Brown ("Brown") was within the jurisdiction of this court.

4.     At all times herein mentioned, Defendant Detective Coleman ("Coleman"), who Plaintiff is informed and believes was employed by the Village of South Holland Police Department, was acting under color of state law and as the employee, agent, or representative of the Village of South Holland.  This Defendant is being sued in their individual capacity.

5.     At all times herein mentioned, the Village of South Holland was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all

relevant times, the Village of South Holland maintained, managed, and/or operated the South Holland Police Department. At all relevant times the Village of South Holland was the employer of Coleman.

## **FACTUAL ALLEGATIONS**

6.      On or about July 22, 2023, Plaintiff was located inside a residence located on 9300 block of South Throop, City of Chicago, County of Cook, State of Illinois.

7.      On that day and place Defendant Coleman, along with other currently unknown Officers/Detectives were on duty with the Village of South Holland Police Department.

8.      On that day and place Defendant Coleman and other currently unknown Officers/Detectives entered the residence, seized Plaintiff, and transported Plaintiff to a police facility.

9.      Plaintiff did not consent to Coleman or other Officers/Detectives entering the residence, seizing his person, or transporting him to a police facility.

10.     Coleman and the other Officers/Detectives did not possess any information indicating that Plaintiff had committed any crime.

11.     Coleman and the other Officers/Detectives did not possess any information indicating that Plaintiff was about to commit any crime in the near future.

12.     Coleman and the other Officers/Detectives did not have a warrant authorizing a search of the residence or the arrest of Plaintiff.

13.     After Coleman and other Officers/Detectives caused Plaintiff to be transported to a police facility he was involuntarily detained for several hours.

14.     Eventually Plaintiff was released from custody without being charged with any crime.

15.     By reason of the above-described acts and omissions of Defendant, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

16.     The aforementioned acts of Defendant were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

17.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Defendant Coleman
### UNCONSTITUTIONAL ENTRY/SEARCH

18.     Plaintiff hereby incorporates and realleges paragraphs one (1) through seventeen (17) hereat as though fully set forth at this place.

19.     By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

20.     The intrusion by Defendants into the security and privacy of Plaintiff's residence was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants

violated Plaintiff's rights in the following manner: (1) Defendants entered Plaintiff's residence

without a search warrant, voluntary consent, or exigent circumstances justifying a warrantless

entry. These acts were in violation of Plaintiff's Fourth Amendment rights.  Therefore,

Defendants, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Defendant Coleman for
### <u>UNLAWFUL SEIZURE</u>

21.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20)

hereat as though fully set forth at this place.

22.     By reason of the conduct of Defendant Coleman, Plaintiff was deprived of rights,

privileges and immunities secured to him by the Fourth Amendment of the Constitution of the

United States and laws enacted thereunder.

23.     The seizure of Plaintiff by Coleman was in violation of Plaintiff's Constitutional

Rights and not authorized by law.  These acts were in violation of Plaintiff's Fourth Amendment

rights.  Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff against Coleman and the
### Village of South Holland for
### <u>False Arrest</u>

24.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty

(20) hereat as though fully alleged at this place.

25.     Coleman committed the tort of false arrest when they seized Plaintiff without

reasonable grounds to believe Plaintiff had committed any criminal offense.

26.     The Village of South Holland is liable to Plaintiff for the acts of Coleman,

pursuant to the doctrine of *respondeat superior*.

27.     As a result of these acts and/or omissions Plaintiff was damaged, and Coleman and the Village of South Holland are all liable under the supplemental state law claim of false arrest.

### COUNT IV
### INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
### AGAINST DEFENDANT VILLAGE OF SOUTH HOLLAND

28.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through twenty-seven (27) hereat as though fully set forth at this place.

29.     The acts of Defendant Coleman and other Officers/Detectives were committed in the scope of their employment with the Defendant Village of South Holland.

30.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant Village of South Holland is liable for any judgments for compensatory damages in this case arising from the actions of Coleman.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. request judgment as follows against the Defendants, and each of them:

1.     That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.     That the Defendants be required to pay Plaintiff's special damages;

3.     That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.     That Defendants other that Village of South Holland be required to pay punitive and exemplary damages in a sum to be ascertained;

5.     That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.     That Plaintiff have such other and further relief as this Court may deem just and proper.

BY:    <u>s/Garrett Browne</u>

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 6061
(312) 345-8877
gbrowne@efoxlaw.com


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:    <u>s/Garrett Browne</u>

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com

6