**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 24 CV 2170 |
| | ) | |
| v. | ) | |
| | ) | **JUDGE SHAH** |
| Village of South Holland, Officers J. | ) | |
| Bultema, T. Abu-Romman, C. Haynes, | ) | |
| Forgue, Detective Major Coleman and | ) | AMENDED COMPLAINT |
| Detective Jesse Jones, | ) | FOR VIOLATION OF CIVIL RIGHTS |
| | ) | |
| Defendants. | | |

**JURISDICTION AND VENUE**

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3.      At all times herein mentioned, Plaintiff Christian Brown ("Brown") was within the jurisdiction of this court.

4.      At all times herein mentioned, Defendant Detective Major Coleman ("Coleman"), who Plaintiff is informed and believes was employed by the Village of Dolton Police Department, was acting under color of state law and as the employee, agent, or representative of the Village of Dolton. This Defendant is being sued in their individual capacity.

5.     At all times herein mentioned, Defendant Jesse Jones ("Jones"), who Plaintiff is informed and believes was employed by the Village of Dolton Police Department, was acting under color of state law and as the employee, agent, or representative of the Village of Dolton.  This Defendant is being sued in their individual capacity.

6.     At all times herein mentioned, Defendant Officer J. Bultema ("Bultema"), who Plaintiff is informed and believes was employed by the Village of South Holland, was acting under color of state law and as the employee, agent, or representative of the Village of South Holland.  This Defendant is being sued in their individual capacity.

7.     At all times herein mentioned, Defendant Officer C. Haynes ("Haynes"), who Plaintiff is informed and believes was employed by the Village of South Holland, was acting under color of state law and as the employee, agent, or representative of the Village of South Holland.  This Defendant is being sued in their individual capacity.

8.     At all times herein mentioned, Defendant Officer Forgue ("Forgue"), who Plaintiff is informed and believes was employed by the Village of South Holland, was acting under color of state law and as the employee, agent, or representative of the Village of South Holland.  This Defendant is being sued in their individual capacity.

9.     At all times herein mentioned, Defendant Officer T. Abu-Romman ("Romman"), who Plaintiff is informed and believes was employed by the Village of South Holland, was acting under color of state law and as the employee, agent, or representative of the Village of South Holland.  This Defendant is being sued in their individual capacity.

10.    At all times herein mentioned, the Village of South Holland was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the Village of South Holland maintained, managed, and/or operated the South

Holland Police Department. At all relevant times the Village of South Holland was the employer of Defendants Bultema, Haynes, Forgue, and Romman.

## **FACTUAL ALLEGATIONS**

11.     On or about June 25, 2023, Plaintiff was located inside a residence located on 9300 block of South Throop, City of Chicago, County of Cook, State of Illinois.

12.     On that day and place Defendants Bultema, Haynes, Forgue, and Abu-Romman, along with other currently unknown Officers/Detectives were on duty with the Village of South Holland Police Department.

13.     On that day and place Defendant Bultema entered the residence, seized Plaintiff and removed him from the residence.

14.     After Plaintiff was removed from the residence Plaintiff was arrested by Defendants Bultema, Haynes, Forgue, and Abu-Romman.

15.     Neither Plaintiff nor any other person who resided at the location consented to Defendant Bultema entering the residence.

16.      Defendants Bultema, Haynes, Forgue, and Abu-Roman did not possess any information indicating that Plaintiff had committed any crime.

17.     Defendants Bultema, Haynes, Forgue, and Abu-Roman did not possess any information indicating that Plaintiff was about to commit any crime in the near future.

18.     No warrant had been issued authorizing a search of the residence or the arrest of Plaintiff.

19.     After arresting Plaintiff Defendants Bultema, Haynes, Forgue, and Abu-Roman caused Plaintiff to be transported to the Village of South Holland Police Department.

20.     After Plaintiff arrived at the Village of South Holland Police Department Defendants Coleman and Jones took custody of Plaintiff and/or made the decision to continue detaining Plaintiff inside the Village of South Holland Police Department.

21.     Defendants Coleman and Jones did not possess any information indicating that Plaintiff had committed any crime or that he was about to commit any crime.

22.     Plaintiff was detained inside the Village of South Holland Police Department for approximately thirty-six (36) hours at the direction of Defendants Coleman and Jones.

23.     Eventually Plaintiff was released from custody without being charged with any crime.

24.     By reason of the above-described acts and omissions of Defendant, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

25.     The aforementioned acts of Defendant were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

4

**COUNT I**
**Plaintiff against Defendant Bultema**
**UNCONSTITUTIONAL ENTRY/SEARCH**

27.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

28.     By reason of Defendant Bultema's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

29.     The intrusion by Defendant Bultema into the security and privacy of Plaintiff's residence was in violation of Plaintiff's constitutional rights and not authorized by law. Defendant Bultema violated Plaintiff's rights in the following manner: (1) Defendant Bultema entered Plaintiff's residence without a search warrant, arrest warrant, voluntary consent, or exigent circumstances justifying a warrantless entry. These acts were in violation of Plaintiff's Fourth Amendment rights.  Therefore, Defendant Bultema, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff against Defendants Bultema, Haynes, Forgue, and Abu-Romman for**
**UNLAWFUL SEIZURE**

30.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

31.     By reason of the conduct of Defendants Bultema, Haynes, Forgue, and Abu-Romman, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

32.     The seizure of Plaintiff by Defendants Bultema, Haynes, Forgue, and Abu-Romman  was in violation of Plaintiff's Constitutional Rights and not authorized by law.  These

acts were in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff against Defendants Coleman and Jones for
### UNLAWFUL ARREST/DETENTION

33.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

34.     By reason of the conduct of Defendants Coleman and Jones, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

35.     The detention of Plaintiff inside the Village of South Holland Police Department by Defendants Coleman and Jones  was in violation of Plaintiff's Constitutional Rights and not authorized by law.  These acts were in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT IV
### Plaintiff against the Village of South Holland
### for
### False Arrest

36.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-26 (26) hereat as though fully alleged at this place.

37.     Village of South Holland Police Officers committed the tort of false arrest when they seized Plaintiff without reasonable grounds to believe Plaintiff had committed any criminal offense.

38.     The Village of South Holland is liable to Plaintiff for the acts of Village of South Holland Police Officers, pursuant to the doctrine of *respondeat superior*.

39.     As a result of these acts and/or omissions Plaintiff was damaged, and the Village of South Holland is liable under the supplemental state law claim of false arrest.

**COUNT IV**
**INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102**
**AGAINST DEFENDANT VILLAGE OF SOUTH HOLLAND**

40.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through thirty-nine (39) hereat as though fully set forth at this place.

41.     The acts of Village of South Holland Officers were committed in the scope of their employment with the Defendant Village of South Holland.

42.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant Village of South Holland is liable for any judgments for compensatory damages in this case arising from the actions of Village of South Holland Police Officers.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. request judgment as follows against the Defendants, and each of them:

1.     That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.     That the Defendants be required to pay Plaintiff's special damages;

3.     That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.     That Defendants other that Village of South Holland be required to pay punitive and exemplary damages in a sum to be ascertained;

5.     That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.     That Plaintiff have such other and further relief as this Court may deem just and proper.

BY:    <u>s/Garrett Browne</u>

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 6061
(312) 345-8877
gbrowne@efoxlaw.com


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:    <u>s/Garrett Browne</u>

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton
Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com